## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENSYLVANIA

DAVID GRASINGER,

      Plaintiff,

                                    No.   2:21-cv-956

    v.

CATERPILLAR INC.,

      Defendant.

## NOTICE OF REMOVAL

Defendant Caterpillar Inc., by and through its undersigned counsel, hereby gives notice that Civil Action No. GD-18-010421, captioned *David Grasinger v. Caterpillar Inc.* (the "State Court Action"), is removed from the Court of Common Pleas of Allegheny County, Pennsylvania, where it was originally filed and is currently pending, to the United States District Court for the Western District of Pennsylvania. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 for the reasons below:

## INTRODUCTION

This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441, et seq. Complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Because the Complaint was served on June 23, 2021, this Notice of Removal is timely filed within 30 days of service of the Complaint. In support of removal, Defendant states as follows:

## PROCEDURAL BACKGROUND

1.      Plaintiff filed a Praecipe for Writ of Summons on August 10, 2018.  A copy of the Writ is attached as **Exhibit A.**

2.      Plaintiff filed a Verification of Service of the Praecipe for Writ of Summons on August 22, 2018.  A copy of the Verification is attached as **Exhibit B.**

3.      A Notice of Rule 230.2 Termination was entered onto the docket on February 16, 2021.  Caterpillar is not attaching a copy of the Notice, because its counsel did not receive the Notice and it is not available from the Court of Common Pleas.

4.      A Statement of Intent to Proceed was filed by Plaintiff on March 16, 2021.  A copy of the Statement of Intent is attached as **Exhibit C.**

5.      A Praecipe for Rule to File Complaint was filed by Defendant on March 29, 2021. A copy of the Praecipe for Rule to File Complaint is attached as **Exhibit D.**

6.      Plaintiff filed the Complaint on June 23, 2021.  A copy of the Complaint is attached as **Exhibit E.**

7.      Defendant filed an Answer with New Matter to Plaintiff's Complaint on July 16, 2021. A copy of the Answer is attached as **Exhibit F.**

8.      Exhibits A-F, attached hereto, together comprise "all process, pleadings and orders" served upon Defendant in the State Court Action, and are provided with this Notice in accordance with 28 U.S.C § 1446(a).

9.      This product liability action arises out of an accident that occurred on July 27, 2017, when Plaintiff was using a Caterpillar 336 Excavator to remove soil from a partially excavated trench.  Ex. E, Compl. at ¶ 5.  Plaintiff claims that a digging tooth on the bucket attached to the Excavator broke, and was projected through the Excavator's front window, striking him in the

lower leg.  Id. at ¶ 8.  Plaintiff claims he sustained, *inter alia,* a right tibia fracture and a right fibular fracture, permanent scarring, lost wages, and received extensive medical treatment including multiple surgeries as a result of this accident.  Id. at ¶¶ 19, 20.  Plaintiff asserts causes of action against Plaintiff for strict liability, negligence and breach of warranty.  Id. at ¶¶ 11-27.

10.     The United States Supreme Court has set forth the pleading standard applicable to a notice of removal:

> [A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." §1446(a). By design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. See 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure §3733, pp. 639-641 (4th ed. 2009) ("Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement' - terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a)."). The legislative history of §1446(a) is corroborative. Congress, by borrowing the familiar "short and plain statement" standard from Rule 8(a), intended to "simplify the 'pleading' requirements for removal" and to clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." H. R. Rep. No. 100-889, p. 71 (1988). See also ibid. (disapproving decisions requiring "detailed pleading").

Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87 (2014).

### DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS OF REMOVAL

11.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

12.      Venue is proper under 28 U.S.C. § 1441(a), as this Court is the United States District Court for the district and division in which the State Court Action is pending.

13.     This Notice of Removal is filed within 30 days of service, in compliance with 28 U.S.C. § 1446(b) and is therefore timely.

14.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders and other documents served on Defendant in the Court of Common Pleas of Allegheny County, Pennsylvania are attached as Exhibits A-F. Moreover, with the filing of this Notice of Removal, Defendant is paying the prescribed filing fee, filing proof of filing the Notice with the Clerk for the State Court Action and proof of service on all adverse parties, and complying with all local rules.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

15.     Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

16.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     There Is Complete Diversity of Citizenship Between Plaintiff and Defendant

17.     Plaintiff David Grasinger alleges that he is a citizen of the Commonwealth of Pennsylvania.  See Ex. E, Compl. at ¶ 1.

18.     Defendant Caterpillar Inc. is a Delaware Corporation with its principal place of business in Deerfield, Illinois.  Caterpillar Inc. is, therefore, a citizen of the States of Delaware and Illinois.  See 28 U.S.C. § 1332(c)(1) (instructing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business.").

4

19.     Accordingly, there is complete diversity under 28 U.S.C. § 1332 as between the parties, Plaintiff David Grasinger and Defendant Caterpillar Inc.

**B.      The Amount in Controversy Requirement Is Satisfied**

20.     Where an initial pleading seeks a money judgment "but the State practice [] does not permit demand for a specific sum," a "notice of removal may assert the amount in controversy[.]" 28 U.S.C. § 1446(c)(2)(A).  The State practice of Pennsylvania does not permit demand for a specific sum in cases for unliquidated damages.  Pa. R. Civ. P. 1021(b); see Intzekostas v. Atria Ctr. City, CV 20-5540, 2020 WL 7769736, at *3 (E.D. Pa. Dec. 29, 2020) ("Pennsylvania does not allow a demand for a specific sum of money where damages are not liquidated,").

21.     In accordance with Pennsylvania state practice, Plaintiff's Complaint seeks to recover "an amount in excess of applicable arbitration limits" Ex. E, Compl., see Wherefore clauses. Thus, under "§ 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Owens, 574 U.S. at 89.

22.     Defendant expressly disputes any liability to Plaintiff for any monetary, declaratory, or equitable relief, under any claim, and reserves the right to dispute that Plaintiff's Complaint states a claim upon which relief can be granted or otherwise presents a justiciable controversy.  For the purposes of this Notice of Removal, however, Defendant alleges and represents that based on the Complaint, the amount in controversy exceeds $75,000.

23.     "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  Id.  In such a case, "removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interests and costs."  Minissale v. State Farm Fire & Cas. Co., 988

F. Supp. 2d 472, 474 (E.D. Pa. 2013); see Evans v. Zhang, CV 17-3801, 2017 WL 4547912, at *1 (E.D. Pa. Oct. 12, 2017) ("the removing defendant must show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.").

24.     The Complaint alleges that Plaintiff sustained multiple leg fractures requiring "multiple surgeries", as well as lost wages.  Ex. E, Compl. at ¶¶ 19, 20.  The value of these extensive alleged damages is not specified in the Complaint.

25.     On July 14, 2021, Plaintiff's counsel provided documentation purporting to establish a Worker's Compensation lien for medical benefits paid on behalf of Plaintiff in excess of $100,000.

26.     Based on the types of damages alleged in the Complaint, the absence of a specific amount, and the allegations herein, the amount in controversy in this action exceeds $75,000.00.

## CONCLUSION AND PRAYER

27.     By filing this Notice of Removal, Defendant does not waive any jurisdictional or other defenses that might be available to it. In addition, Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and reserves the right to amend or supplement this Notice of Removal.

28.     All conditions and procedures for removal have been satisfied.

29.     Accordingly, under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant removes to this Court the State Court Action. Defendant respectfully requests that this Court assume jurisdiction of this case as if it had been originally filed here, and that further proceedings in the State Court Action be stayed.

30.     Should any question arise as to propriety of the removal of this matter, Defendant respectfully requests an opportunity to conduct appropriate discovery and/or to provide briefing and oral argument as to why removal is proper.

WHEREFORE, Defendant respectfully requests that this Action proceed in this Court as an action properly removed to it.

Respectfully submitted,

Dated: July 21, 2021                    BY:    */s/ Brian D. Lipkin*

Heather Russell Fine, Esq.
PA I.D. No. 88020
TANENBAUM KEALE LLP
1235 Westlakes Drive, Suite 215
Berwyn, PA 19312
Telephone: 610-601-4605
hfine@tktrial.com

Mark D. Shepard, Esq.
PA I.D. No. 36902
Brian D. Lipkin, Esq.
PA I.D. No. 321793
BABST, CALLAND, CLEMENTS
AND ZOMNIR, P.C.
Two Gateway Center, 6th Floor
Pittsburgh, PA 15232
Telephone: (412) 394-6546
mshepard@babstcalland.com
blipkin@babstcalland.com

*Counsel for Defendant,*
*Caterpillar Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Notice of Removal was served via email upon all counsel of record.


*/s/ Brian D. Lipkin*
Brian D. Lipkin