IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

DAVID GRASINGER,   CIVIL DIVISION

    Plaintiff,   No. GD-18-010421

**COMPLAINT**

v.

CATERPILLAR, INC.,

    Defendant.

Filed on Behalf of Plaintiff.

Counsel of Record for this Party:

George M. Kontos, Esquire
PA ID# 62712

Brittani R. Hassen, Esquire
PA ID# 309492

Kontos Mengine Killion & Hassen
603 Stanwix Street, Suite 1228
Two Gateway Center
Pittsburgh, Pennsylvania 15222
(412) 709-6162 (Phone)
(412) 904-3820 (Fax)
gkontos@kontosmengine.com
bhassen@kontosmengine.com

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

DAVID GRASINGER,                              CIVIL DIVISION

      Plaintiff,                              No. GD-18-010421

v.

CATERPILLAR, INC.,

      Defendant.

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

ALLEGHENY COUNTY LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

DAVID GRASINGER,  CIVIL DIVISION

    Plaintiff,  No. GD-18-010421

v.

CATERPILLAR, INC.,

    Defendant.

## COMPLAINT

AND NOW, comes the Plaintiff, David Grasinger, by and through his attorneys, George M. Kontos, Esquire, Brittani R. Hassen, Esquire, and KONTOS MENGINE KILLION & HASSEN who file the within Complaint, and aver as follows:

## PARTIES:

1. Plaintiff, David Grasinger, is an adult individual, and resident of the Commonwealth of Pennsylvania with an address of 59 Oxen Hill Road, Natrona Heights, Pennsylvania, 15065.

2. Defendant, Caterpillar, Inc is a Delaware corporation, having a corporate headquarters at 100 NE Adams Street, Peoria, IL 61629 and at all times relevant regularly conducted business activity in Pennsylvania by way of selling and/or distributing its products within and/or through the Commonwealth.

3. At all times relevant hereto, Defendant acted through its agents and employees acting within the course and scope of their agency or employment.

## FACTS

4. Plaintiff hereby incorporates all preceding paragraphs as though set forth more fully herein.

5. On or about July 27, 2017, David Grasinger was safely operating a Caterpillar 336 excavator in the scope and course of his employment with Welded Construction (not a named defendant herein). Mr. Grasinger was removing soil from a partially excavated trench for the purpose of installing a new natural gas pipeline.

6. Said Caterpillar 336 excavator is one of many construction and heavy duty pieces of equipment and/or machines designed, manufactured, and sold by Defendant. The Caterpillar 336 excavator consists of a cab in which the operator sits, a boom arm that extends out from the cab, and a bucket that is affixed at the end of the boom arm that is used to dig and/or move soil. The bucket has digging teeth attached to the end of it to aid with digging into the soil.

7. On the aforementioned date, Mr. Grasinger was using the Caterpillar excavator in a manner which was intended and foreseeable to Defendant.

8. While Mr. Grasinger was removing soil from the trench with the Caterpillar excavator, he was operating the excavator such that he was pulling the bucket towards the cab in order to continue to remove soil. At this time, a digging tooth on the bucket struck a rock causing the tooth to break in half. The broken piece was projected towards the cab of the excavator, penetrated the closed front window of the cab, and struck Mr. Grasinger in the lower right leg.

9. It is believed and therefore averred that the subject digging teeth on the excavator at issue were newly installed and failed under normal and expected use of the excavator. The digging teeth replacements are also designed, manufactured, and sold by Defendant. The

digging teeth at issue were the appropriate attachment teeth for the type of work being done by Mr. Grasinger at the time of this incident.

10. As a result of the aforementioned incident, Mr. Grasinger suffered severe personal injuries, which are further detailed herein.

## COUNT I

### DAVID GRASINGER v. CATERPILLAR, INC
*Strict Liability*

11. Plaintiff hereby incorporates by reference all preceding paragraphs as though set forth more fully herein.

12. At all times relevant to this action, the Defendant was engaged in business of manufacturing, designing, selling, assembling, and/or supplying Caterpillar 336 excavators and digging teeth replacement parts and was a seller or manufacturer as defined by the Restatement Second Torts §402(A) as adopted by the Supreme Court of Pennsylvania.

13. Defendant owed a duty of care to Plaintiff to manufacture, distribute and sell products that were free from defects and fit for their intended purposes.

14. Plaintiff was an intended and foreseeable end user of the Caterpillar excavator and the digging teeth replacement parts.

15. Defendant breached this duty by failing to manufacture, distribute and sell the excavator and digging teeth replacement parts free from defects and fit for its intended purposes.

16. The injuries and damages sustained by the Plaintiff set forth herein were caused by and resulted from the Defendant's breach of its responsibilities and legal duties for which the Defendant is strictly liable, pursuant to §402A of the Restatement (Second) of Torts, generally and in the following particulars:

    a. At all times relevant hereto, Defendant was the designer, manufacturer, producer, seller, and/or distributor of the

        aforementioned excavator and digging teeth replacement parts, which were produced in a defective condition and unreasonably dangerous to Plaintiff; and

    b.    Defendant is engaged in the business of designing, manufacturing, producing, selling, and/or distributing said defective products, and knew that the aforesaid products would be sold to the public without substantial change or alteration, or in the alternative, that any such alteration was foreseeable.

17.    The aforesaid products were defective pursuant to §402A of the Restatement (Second) of Torts, generally and in the following particulars:

    a.    The aforesaid digging teeth were inadequately designed such that they were permitted to easily break during intended, normal, and expected use;

    b.    The aforesaid digging teeth were inadequately manufactured such that they were permitted to easily break during intended, normal, and expected use;

    c.    Failure to have adequate protective glass on the cab of the excavator and/or other protective apparatus including, but not limited to, caging and/or other barriers to prevent injuries such as those sustained by Plaintiff;

    d.    The products contained inadequate and/or defective instructions and/or warnings;

    e.    The products contained other defects in their design, construction and manufacture, which contributed to the Plaintiff's damages as shall be more fully determined.

18.    Plaintiff used the excavator and digging teeth replacement parts in a manner that was intended and expected by Defendant.

19.    As a result of the conduct of the Defendant, as aforesaid, Plaintiff David Grasinger sustained various injuries, including:

    a.  Right tibia fracture;

    b.  Right fibular fracture; and

    c.  Other injuries, the full extent of which are unknown at this time.

20.  As a result of the conduct of the Defendant, as aforesaid, Plaintiff David Grasinger has sustained the following damages, including:

    a. He has suffered and will continue to suffer pain, anxiety, mental anguish and embarrassment;

    b. He has had to receive extensive medical treatment including multiple surgeries;

    c. He has incurred medical bills for her treatment;

    d. He has permanent scarring;

    e. He has incurred lost wages;

    f. He has suffered the loss of the ordinary pleasures of life; and

    g. Other damages, the full extent of which are unknown at this time.

WHEREFORE, Plaintiff demand judgments in his favor against Defendant for an amount in excess of the applicable arbitration limits, exclusive of interest and costs.

## COUNT II

### DAVID GRASINGER v. CATERPILLAR, INC
### *BREACH OF WARRANTY*

21.  Plaintiff hereby incorporates by reference all preceding paragraphs as though set forth more fully herein.

22.  At all times relevant hereto, Defendant was in the business of designing, manufacturing, assembling, distributing, manufacturing and/or selling excavators and digging teeth replacement parts and was, with respect to the subject excavator and digging teeth replacement parts, a merchant within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

23.  Defendant has breached the implied warranties of merchantability and fitness for a particular purpose (i.e. for use under normal, foreseeable, and expected conditions) in that the

aforesaid products failed to have the necessary features and safeguards required to render it safe for normal and expected use, in light of the risks and foreseeable dangers involved in said usage, as further set forth herein above.

24. As a result of Defendant's breach of express and implied warranties, Plaintiff has sustained injuries and damages as set forth in paragraphs 19 through 20 above, which are incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant for an amount in excess of the applicable arbitration limits, exclusive of interest and costs.

## COUNT III

### DAVID GRASINGER v. CATERPILLAR, INC
### *NEGLIGENCE*

25. Plaintiff hereby incorporates by reference all preceding paragraphs as though set forth more fully herein.

26. The injuries and damages sustained by the Plaintiff were caused by the negligence, carelessness, and/or other liability producing conduct on the part of the Defendant generally and in the following particulars:

    a. Failing to utilize proper designs or procedures for the manufacture, construction, assembly, distribution, and/or sale of the excavator and digging teeth replacement parts at issue;

    b. Failing to design and/or manufacture the digging teeth replacement parts such that they would not easily break with normal, intended, and expected use;

    c. Failing to properly test the digging teeth replacement parts after their manufacture and prior to sale;

    d. Failing to properly inspect the excavator and digging teeth replacement parts prior to its sale;

    e. Failing to design, manufacture, construct, assemble, distribute, and/or sell the excavator and digging teeth replacement parts in such a manner that it would be safe for its foreseeable uses;

      f.      Failing to include adequate instructions and/or warnings; and

      g.      Failing to warn that the excavator and digging teeth replacement parts were unsafe or could become unsafe for its foreseeable use.

27.    As a result of the conduct of the Defendant as aforesaid, Plaintiff sustained the injuries and damages set forth in paragraphs 19 through 20 above, which are incorporated herein as though set forth more fully at length.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant for an amount in excess of the applicable arbitration limits, exclusive of interest and costs.

Respectfully submitted,

KONTOS MENGINE KILLION & HASSEN

_____

George M. Kontos, Esquire
Brittani R. Hassen, Esquire
Counsel for Plaintiff

## VERIFICATION

I the undersigned, David Grasinger, verify that the statements made in the foregoing COMPLAINT are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

6-23-21
Date

David Grasinger

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Complaint was served upon the following counsel of record via electronic mail only on this 23rd day of June, 2021:

Mark D. Shepard, Esquire
Brian D. Lipkin, Esquire
Babst Calland
Two Gateway Center
Pittsburgh, PA 15222
mshepard@babstcalland.com
blipkin@babstcalland.com

George M. Kontos, Esquire
Counsel for Plaintiff